IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>NORBERTO DIAZ-VALENTIN(25),<br><br>**Defendant.** | CRIMINAL NO. 14-284 (RAM) |

### AMENDED MEMORANDUM AND ORDER

### (NUNC PRO TUNC)

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is the Bureau of Prisons' ("BOP") correspondence concerning how to administer defendant Norberto Diaz-Valentin's ("Defendant") federal sentence (the "federal sentence") vis-à-vis a sentence he has served with the Commonwealth of Puerto Rico (the "state sentence"). (Docket No. 1686). In particular, the BOP has requested guidance as to whether Defendant's federal sentence should run concurrently with or consecutive to his state sentence. Id. As explained below, the Court finds that it does not have jurisdiction to amend Defendant's federal sentence and 18 U.S.C. § 3584(a) requires that the federal sentence be read to run consecutive to his state sentence.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 13, 2015, Defendant was sentenced by the Honorable

José A. Fusté (the "sentencing court") to an 84-month term of confinement for: (1) Conspiracy to Possess with Intent to Distribute at Least 300 Grams but Less Than 400 Grams of Cocaine, and (2) Aiding and Abetting Carrying a Firearm in Relation to a Drug Trafficking Crime. The written judgment (the "Judgment") was issued the same day. (Docket No. 1092). The Judgment specified that the two federal counts were to be served consecutively to each other but was silent as to whether the sentence would be impacted by a related state case.

The following day, on January 14, 2015, Defendant was sentenced by the Commonwealth of Puerto Rico to a ten-year total term of imprisonment for violations of Puerto Rico's Controlled Substances Law and Puerto Rico's Weapons Law. Defendant completed his state sentence on February 28, 2020, and was released to the federal detainer on March 9, 2020, to commence the service of his federal sentence. (Docket No. 1686 at 2).

On March 2, 2017, Defendant filed a *pro se* motion requesting an order that his federal and state sentences run concurrently. (Docket No. 1412). The United States of America (the "Government") filed a response in opposition, arguing in part that the court lacked jurisdiction to amend the sentence pursuant to Fed. R. Crim. P. 35 ("Rule 35"). (Docket No. 1419). The Honorable Carmen C. Cerezo denied the *pro se* motion. (Docket No. 1433).

On May 6, 2022, the BOP sent a letter to this Court requesting

guidance on whether Defendant's federal sentence should run concurrently with his state sentence. (Docket No. 1686). At the direction of the Court, the Government, the Federal Public Defender's Office, and the United States Probation Office responded to the BOP's letter with their respective arguments and interpretations of how the sentences should be administered. (Docket Nos. 1685; 1688; 1689; 1692). All parties agreed that the state case is relevant conduct to the federal case. (Docket Nos. 1688 at 2; 1689 at 2; 1692 at 1). Therefore, Defendant formally requested that the Court order the BOP to run Defendant's federal sentence concurrently with the state sentence. (Docket No. 1692 at 5). The Government, however, contends this Court lacks jurisdiction to do so at this juncture, as it did when Defendant first raised this issue with Judge Cerezo in his 2017 *pro se* motion. (Docket No. 1689 at 2). Having reviewed the parties' submissions, the Court finds that the Judgment directs the BOP to run Defendant's state and federal sentences consecutively, and this Court lacks the authority to amend the Judgment at this juncture.

## II.   ANALYSIS

The parties discuss three distinct issues in their briefing which the Court must not conflate. The first issue concerns whether the sentencing court had the authority to order Defendant's federal sentence to run concurrently with his forthcoming state sentence.

The second issue is, if the sentencing court had such authority, whether it intended to structure Defendant's sentence in that manner. Finally, if the Court finds the sentencing court did in fact have the authority and intent to enact a different sentence than the one reflected in the Judgment, it must determine whether this Court may apply the Judgment in a way that reflects that intent. As explained below, this Court finds that, as to the third issue, it lacks authority to alter the Judgment at this juncture. Thus, the first two issues will be discussed only insofar as they are relevant to explaining the third.

As a threshold matter, the Supreme Court has held that a district court may fashion a sentence to run concurrently with an anticipated state sentence. *See* <u>Setser v. United States</u>, 566 U.S. 231 (2012). Therefore, as the parties correctly note, the sentencing court could have imposed Defendant's requested sentence if it wanted, even though the Commonwealth court sentenced Defendant the day *after* he was sentenced by the federal court.

Further, the United States Sentencing Guidelines ("U.S.S.G.") explicitly state that, save for exceptions not applicable here, if:

> [A] state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the

anticipated term of imprisonment.

U.S.S.G. § 5G1.3. Thus, it appears that the Sentencing Guidelines generally advise the sentencing court to impose the sentence Defendant now requests.

Nonetheless, the Judgment at issue here is silent as to the state sentence. Congress has enacted sentencing default rules that govern in cases precisely like this – where a judgment is silent as to key considerations in a sentence. Applicable here is 18 U.S.C. § 3584(a), which states in relevant part that, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). As other courts have noted, because U.S.S.G. § 5G1.3 conflicts with the default rule in 18 U.S.C. § 3584(a), district courts are "free to disagree with the Commission's view and impose a sentence that [does] not conform to § 5G1.3." United States v. Tillman, 822 F. App'x 897, 900 (11th Cir. 2020). Therefore, the sentencing court was not required to follow the directive in U.S.S.G. § 5G1.3.

With this legal backdrop in mind and given that the Judgment says nothing about the state sentence, this Court must view the Judgment through the lens of Congress's mandated default rules. Here, "[a]ccording to Congress, the default presumption is to run multiple terms of imprisonment imposed at different times consecutively." Tillman, 822 F. App'x at 898 (citing 18 U.S.C.

§ 3584(a)) (noting this default rule in the context of a challenge to a sentence imposed contrary to U.S.S.G. § 5G1.3(c)). Therefore, because the federal and state sentences were imposed at different times, the statutory default requires that they must run consecutively.

Despite the parties' agreement that the sentencing court could have structured Defendant's federal sentence to run concurrently with the state sentence, and perhaps even the sentencing court's perceived intent to do so, the Court finds that it cannot read the federal sentence in the manner requested by Defendant without substantively amending the Judgment, which the Court lacks the authority to do at this juncture. As the Government correctly posits, Rule 35 would be the only proper mechanism by which this Court could amend the Judgment in such a manner. But Rule 35 only allows a federal court to "correct a sentence that resulted from arithmetical, technical, or other clear error," "**within 14 days after sentencing**." Fed. R. Crim. P. 35(a) (emphasis added). Because we are well outside of the fourteen-day window, Rule 35 does not apply here.

Further, though no party raised this issue, the Court finds that it cannot alter the Judgment pursuant to Fed. R. Crim. P. 36 ("Rule 36"), either. Rule 36 provides that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record,

or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. However, this Court is not convinced that, even if an error was made by the sentencing court, that error was merely clerical in nature. As noted above, the Court believes that Defendant's requested relief would constitute a *substantive* amendment to the Judgment, which courts in this Circuit have long explained is not the proper use of Rule 36. *See* United States v. Fahm, 13 F.3d 447, 454 (1st Cir. 1994) ("Rule 36 is considered generally inapplicable to *judicial* errors and omissions.") (emphasis in original); Joost v. United States, 2009 WL 464339, at *3 (D.R.I. 2009) ("A court's authority under Rule 36 is limited to the correction of clerical errors in the judgment . . . Rule 36 provides no basis to correct substantive errors in the sentence[.]") (quoting United States v. Bennett, 423 F.3d 271, 277-78 (3d Cir. 2005)). Therefore, in the absence of any concrete evidence that the "error" at issue was merely clerical, this Court may not exercise its authority under Rule 36.

Importantly, the Court is **not** opining as to whether the sentencing court followed proper sentencing procedures. The Court is only stating that, at this juncture and in this procedural posture, the Court lacks the authority to make any substantive amendments to the Judgment and that 18 U.S.C. §3584(a) makes plain how the federal sentence should run vis-à-vis the state sentence in this case. **Therefore, the BOP should run Defendant's federal**

**sentence consecutive to his state sentence.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of July 2022.

S/ RAÚL M. ARIAS-MARXUACH<br>United States District Judge