IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>NORBERTO DIAZ-VALENTIN (25),<br><br>**Defendant.** | CRIMINAL NO. 14-284 (RAM) |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court are defendant Norberto Diaz-Valentin's ("Defendant" or "Diaz-Valentin") *Motion for Reconsideration* and *Motion for Recommendation*. (Docket Nos. 1709; 1748). With jurisdiction restored to this Court pursuant to the First Circuit's Order at Docket No. 1749, the Court will **adopt in part** the indicative ruling issued on this matter on August 4, 2022. (Docket No. 1711). For the reasons discussed in the indicative ruling, the BOP is directed to **not** follow this Court's previous pronouncement on the applicability of Section 3584(a)'s default rule. However, the Court further amends its original response to the BOP's letter dated May 6, 2022. (Docket No. 1686). As explained below, **it is the Court's view that the Sentencing Court intended for Defendant's federal sentence to run concurrently with the Commonwealth sentence but did not state so by mistake.**

First, the settled case law and governing rules applicable at the time of Defendant's sentencing indicate that the sentencing court intended to run Defendant's federal sentence concurrent to his anticipated state sentence. As the Court discussed in its original *Memorandum and Order* on this issue, the sentencing court had the authority to impose such a sentence. *See* Setser v. United States, 566 U.S. 231 (2012). Moreover, the United States Sentencing Guidelines ("U.S.S.G.") counseled the sentencing court to fashion Defendant's sentence in this manner. The U.S.S.G. state that, save for exceptions not applicable here, if:

> [A] state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

U.S.S.G. § 5G1.3. All parties agree that the state case constituted "relevant conduct," and thus the sentencing court likely intended to apply § 5G1.3. (Docket Nos. 1688 at 2; 1689 at 2; 1692 at 1).

Second, the record in this case supports the conclusion that the sentencing court intended to run Defendant's federal sentence concurrent to his anticipated state sentence. As an initial matter, the sentencing court certainly had notice of Defendant's related state case. The presentence investigation report informed the court of Defendant's state charges and noted that the Commonwealth

judge "would be willing to impose a sentence concurrent to the federal sentence." (Docket No. 962 at 15). Moreover, such a sentence would be consistent with other sentences imposed by the sentencing court in this case. Defense counsel identified ten judgments from other co-defendants that explicitly note the defendant's federal sentence should be served concurrently to a pending state case. (Docket Nos. 876; 892; 935; 1006; 1023; 1062; 1094; 1133; 1178; 1266). On two of those occasions, the sentencing court affirmatively amended the sentence to clarify that the federal sentence should run concurrent to a state sentence. (Docket Nos. 985; 1058; 1094; 1178). Further, in four such instances, the defendant had a higher criminal history category than Diaz-Valentin. (Docket Nos. 897 at 12; 912 at 14; 914 at 14; 936 at 14). All of this indicates that the sentencing court intended to impose a similar sentence on Defendant, who only had a criminal history category of one and who likewise was awaiting a sentence in a pending and related state criminal case.

The Government contends that "this Court lacks authority to reconsider Defendant's sentence . . . and amend the judgment to change the sentence to run concurrently with Defendant's state sentence." (Docket No. 1760 at 5). However, the Court disagrees with the Government's characterization of this *Memorandum and Order*. This *Order* does not substantively amend the judgment in this case. It is merely a response to the BOP's letter, which asked

the Court to discern the sentencing court's intention so that the BOP could consider that among the several factors listed in 18 U.S.C. § 3621(b). (Docket No. 1686). The Court has already discussed why the sentencing court's silence does not implicate the default rule in 18 U.S.C. § 3584(a) and, therefore, why this response is not an order amending the judgment. (Docket No. 1711). Further, to the extent the Government is concerned that the BOP will disregard the 18 U.S.C. § 924(c) mandatory consecutive term, the BOP's letter makes clear that they are aware of and will apply that provision. (Docket Nos. 1686 at 2; 1760 at 5-7).

For the foregoing reasons, the *Motion for Reconsideration* and the *Motion for Recommendation* are **GRANTED**. The Court withdraws its previous order and now informs the BOP that, in the Court's view, the sentencing court intended to run Defendant's federal sentence concurrently with his related Commonwealth sentence.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of May 2023.

S/ RAÚL M. ARIAS-MARXUACH<br>United States District Judge